Filed 4/26/16  P. v. Sealie CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DVORE C. SEALIE,<br><br>    Defendant and Appellant. | 2d Crim. No. B262744<br>(Super. Ct. No. MA062699-01)<br>(Los Angeles County) |

Dvore C. Sealie appeals the trial court's order denying a petition to recall her felony second degree burglary sentence and resentence her to a misdemeanor shoplifting sentence, pursuant to Penal Code sections 1170.18 and 459.5 ("Proposition 47").[1]  We affirm.

### FACTUAL AND PROCEDURAL HISTORY

On April 14, 2014, the Los Angeles County prosecutor charged Sealie with forging a prescription, second degree burglary, and forgery.  (Bus. & Prof. Code, § 4324, subd. (a); §§ 459, 460, 470, subd. (d).)  Pursuant to a plea agreement, Sealie pleaded nolo contendere to second degree burglary and stipulated that a factual basis supported her plea.  On May 15, 2014, the trial court suspended imposition of sentence and placed Sealie on formal probation for three years, with terms and conditions.  The court imposed a $300 restitution fine, a $300 probation revocation restitution fine (suspended), a $30

_____

[1] All further statutory references are to the Penal Code unless stated otherwise.

court security assessment, and a $40 criminal conviction assessment. (§§ 1202.4, subd. (b), 1202.44, 1465.8, subd. (a); Gov. Code, § 70373.) In accordance with the plea agreement, the court dismissed the remaining two counts. (§ 1385, subd. (a).)

A factual summary contained in the probation report prepared for Sealie's sentencing indicates that she submitted a forged prescription to a pharmacy. When she returned to the pharmacy to obtain the prescription drug, sheriff's deputies arrested her. The probation report does not describe the nature of the drug she sought.

On December 14, 2014, Sealie petitioned the trial court to recall her felony second degree burglary sentence and resentence her to a misdemeanor shoplifting sentence, pursuant to sections 1170.18 and 459.5. The trial court denied the petition, ruling that "the forged prescription is something above and beyond larceny."

Sealie appeals and contends that: 1) the trial court erred by denying her resentencing petition, and 2) the ruling denies her equal protection of the law.

## DISCUSSION

### I.

Sealie argues that her second degree burglary conviction falls within the definition of shoplifting, a misdemeanor offense pursuant to the recently enacted sections 1170.18 and 459.5 of Proposition 47. She asserts that her act of forgery was merely the means by which she attempted the theft of medication.

On November 4, 2014, the voters enacted Proposition 47, The Safe Neighborhoods and Schools Act, which became effective the following day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 was intended to ensure that prison spending is focused on violent and serious offenders, to maximize alternatives for nonserious, nonviolent crimes, and to invest the savings generated thereby into educational, social, and mental health causes. (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70; *People v. Vargas* (2016) 243 Cal.App.4th 1416, 1419.) To this end, Proposition 47 reduced most possessory drug offenses and thefts of property valued at $950 or less to straight misdemeanors. It also created a process for persons

2

currently serving felony sentences for those offenses to petition for resentencing. (*Vargas,* at pp. 1421-1422.)

Among the reclassifying provisions, Proposition 47 added section 459.5 to the Penal Code. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 [certain second degree burglaries now characterized as shoplifting].) Section 459.5 defines the crime of "shoplifting." It provides in part: "(a) Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor . . . . [¶] (b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property."

Proposition 47 also added section 1170.18 to the Penal Code. Subdivision (a) of section 1170.18 permits a person who is "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] . . . [to] petition for a recall of sentence . . . [and] to request resentencing." If the person satisfies the criteria in subdivision (a), subdivision (b) provides that "the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.

The trial court did not err by denying Sealie's misdemeanor resentencing petition. Larceny requires a taking of property "with the specific intent to steal, i.e., to appropriate property of another and permanently deprive that person of possession. Unless this is proved there is no larceny." (2 Witkin, Cal. Criminal Law (4th ed. 2012) Crimes Against Property, § 23, p. 47.) The gravamen of Sealie's second degree burglary conviction, however, does not involve an intent to steal. The crime was not a property crime; no person was defrauded because Sealie appeared at the pharmacy to pay for and collect the filled prescription. Rather, the crime was "against the state and consists of

3

obtaining [a prescription] by means of the false writing." (*People v. Katz* (1962) 207 Cal.App.2d 739, 747.) Sealie presented no evidence to the contrary.

Prescriptions are the means by which physicians and other authorized practitioners achieve legitimate medical purposes. (*People v. Wheeler* (2005) 127 Cal.App.4th 873, 880.) "The protection of the health and safety of the public in obtaining medical prescriptions is critical. . . . Physicians, pharmacists, and patients must be able to rely on the integrity of the system. [Laws against prescription forgery are] aimed at helping preserve that integrity by prohibiting counterfeiting of a physician's authority to prescribe, deceiving of the pharmacist, corrupting the public's legitimate supply of medicine, and, potentially, defrauding of insurance companies or government programs. Far more is implicated than just an offender's personal involvement with drugs." (*Ibid.*, citation omitted.)

Shoplifting, as defined in section 459.5, is limited to persons who enter any commercial establishment "with intent to commit larceny." (*Ibid.*) Sealie's crime does not constitute larceny.

## II.

Sealie also contends that the trial court's decision denies her equal protection of the law because her crime is similar to the crimes of forgery and petty theft, made misdemeanors pursuant to Proposition 47. (§§ 473, subd. (b) [forgery], 490.2, subd. (a) [petty theft of $950 or less].)

Sealie has not demonstrated the strict scrutiny warranted for equal protection purposes. (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.) "A defendant . . . 'does not have a fundamental interest in a specific term of imprisonment or in the designation a particular crime receives.'" (*Ibid.*) Application of the strict scrutiny standard in this context is incompatible with "the broad discretion the Legislature traditionally has been understood to exercise in defining crimes and specifying punishment." (*Ibid.*)

Where a disputed statutory disparity exists that does not implicate a suspect class or fundamental right, equal protection is denied only where there is no rational

4

relationship between the disparity of treatment and some legitimate government purpose. (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881.)  If a plausible basis exists for the disparity, a court may not second-guess its wisdom, fairness, or logic.  (*Ibid.*)

Proposition 47 permits misdemeanor resentencing for petty thefts and forgeries involving "a check, bond, bank bill, note, cashier's check, traveler's check, or money order" where the value is $950 or less.  (§§ 490.2, 473.)  Sealie's crime implicates the health and safety of the public in obtaining medical prescriptions.  It is not irrational for the Legislature to consider minor theft crimes worthy of lighter punishment than a crime that undermines the public health and safety.

In view of our discussion, we need not decide Sealie's contention that the People bear the burden of proving that the value of the prescription drug she sought to obtain with a forged prescription was more than $950.

The order is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

5

Eric P. Harmon, Judge

Superior Court County of Los Angeles

_____

Anthony J. Patti, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.